327 So.2d 641 (1976)
L. C. SMITH
v.
LINCOLN PARISH POLICE JURY et al.
No. 12838.
Court of Appeal of Louisiana, Second Circuit.
February 9, 1976.
Rehearing Denied March 15, 1976.
*642 Holloway, Baker, Culpepper & Brunson by William H. Baker, Bobby L. Culpepper, John H. Helm, Jonesboro, for plaintiff-appellant.
Walker, Holstead & Smith by Hale M. Walker, O. L. Waltman, Jr., Ruston, for defendants-appellees.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied March 15, 1976.
MARVIN, Judge.
The lower court rejected plaintiff-appellant's demands to enjoin the enforcement of and to declare unconstitutional ordinances adopted by the Lincoln Parish Police Jury pursuant to a local option election held in each of the five wards of the parish. We affirm.
Three propositions were presented to the electorate in each ward.[1] Four of the wards voted "no" on all propositions. Prior to the effective date of the ordinance prohibiting the sale of alcoholic beverages containing more than 3.2 percent alcohol by weight in Ward One, which includes the City of Ruston, appellant held retail licenses permitting him to sell such beverages in Ruston.
On April 26, 1974, rehearings were denied in Sissons, the holding of which had the effect of invalidating local option ordinances which were adopted before 1948 either on a parish-wide basis or which prohibited the sale of beverages containing more than one-half percent alcohol.[2]
*643 After Sissons, petitions calling for a local option election were circulated in the five wards of Lincoln Parish. These petitions, each containing the signatures of 25 percent or more of the electorate in the respective ward, were presented to the registrar of voters (R.S. 26:584) on various dates begining May 30 and ending on June 14, 1974. After proper certification the petitions were presented to the police jury (R.S. 26:585) on July 2, 1974.
On August 13, 1974, the police jury adopted separate ordinances calling the local option election in each ward of the parish on October 8, 1974 (R.S. 26:586). The results in each ward were promulgated (R.S. 26:594), and in the four wards voting "no," the sale of alcoholic beverages containing more than 3.2 percent alcohol by weight was prohibited by an ordinance enacted on October 22, 1974, for each of the four wards (R.S. 26:595). These ordinances became effective on November 17, 1974. On November 25, 1974, this suit followed.
Appellant contends the 1974 Legislature required four propositions to be placed on the ballot in local option elections (R.S. 26:587) and the subject election and resulting ordinances should be declared ultra vires because only three propositions were on the ballot (R.S. 26:590). The proposition as to beverages containing less than 3.2 percent alcohol by weight was not included on the ballot or in the paperwork procedures leading up to the election. This proposition we refer to as the "3.2 fourth proposition."[3]
Appellant also contends that Act 41 of 1974 expressly requires that the 3.2 fourth proposition be included on the petition as well as on the ballot by R.S. 26:583, 587. Nomey, cited supra, held unconstitutional several provisions of this act. We are now required to determine the effect of Nomey and the extent that the provisions of the act not declared unconstitutional remain effective after Nomey.
Act 41 attempted to authorize parishwide local option elections in twelve parishes[4] and to require in those twelve parishes, the 3.2 fourth proposition to be included on the ballot. In the remaining parishes, Act 41 required that only the three propositions appear on the petition and ballot.
Nomey nullified the provisions of Act 41 which were incorporated into the Revised Statutes relating to:
(a) parish-wide elections (R.S. 26:582, 592);
(b) the attempt to revive or preserve the pre-1948 local option elections and ordinances and to legislatively overrule the effect of Sissons (the proviso of R.S. 26:588) and
(c) the requirement that the 3.2 fourth proposition be contained on the petition and the ballot in the twelve parishes. (R.S. 26:583, 587).
Nomey held that the particular provisions of Act 41 which required propositions or procedures for the twelve named parishes as distinguished from all other parishes, were contrary to the constitutional prohibition against the enactment of "special" laws. See Louisiana Constitution Art. IV, § 4 (1921) and Louisiana Constitution Art. III, § 12 (1974). Nomey, supra, 315 So.2d 713-714. Nomey left in effect *644 the provisions of Act 41 which apply to all parishes of the state and those provisions of Title 26 as they existed prior to Act 41 of 1974 pertaining to the three propositions which are required to be on the petition and the ballot.[5]Nomey expressly stated that those portions of Act 41 which were not special in nature were excluded from the courts' declaration of unconstitutionality. 315 So.2d 714.
The petitions presented to the jury before the effective date of the 1974 legislation were in accord with R.S. 26:583 (Act 372 of 1948) and were also in accord with Act 41 of 1974, before or after the Nomey decision, because Lincoln Parish was not one of the twelve parishes in which the 3.2 fourth proposition was required to be on the petition. The call of the election by the police jury and the ballot, after the effective date of the 1974 legislation, were also in accord with R.S. 26:587 before or after the Nomey case was decided.
Appellant contends that the Lincoln Parish Police Jury was legally bound to follow Act 41 as written because it had not yet been declared unconstitutional in part by Nomey when the jury acted with respect to declaring the propositions and calling of the election. There is authority that acts done and resulting consequences under a law subsequently declared unconstitutional become vested so that the general rule of absolute retroactive invalidity cannot be declared.
"As a general rule, all acts done under an unconstitutional law are void and of no effect. * * *"
Due to the fact that situations may arise resulting from transactions and acts performed under an unconstitutional statute, whereby the parties involved are placed in positions where it would be most unequitable to follow the general rule that an unconstitutional statute was void ab initio and without any legal effect whatsoever, or where it was impossible for the court to undo what had transpired under an unconstitutional statute and to restore the parties to some reasonable position, the courts have recognized exceptions to the rule as a matter of public policy or necessity in such instances. Flournoy v. First Nat. Bank of Shreveport, 197 La. 1067, 3 So.2d 244, 249 (1941).
The circumstances here do not warrant declaring an exception to the general rule because appellant acquired no vested rights by reason of the passage of Act 41. Appellant asserts no position of reliance on the statute, which by its own terms, albeit unconstitutional, did not include Lincoln Parish as one of the twelve parishes which ostensibly were required to have to 3.2 fourth proposition on the petition and ballot. Appellant's contention in this respect is unfounded.
We follow the declaration in Nomey and consider only the effect of Act 41 after Nomey and withhold comment on other local option legislation enacted in 1974.
At appellant's cost, the judgment below is
Affirmed.
NOTES
[1] These three propositions are identical to those authorized by Act 41 of 1974 [now R.S. 26:583 and R.S. 26:587, (1), (3) and (4)] and by Title 26 of the Revised Statutes in effect prior to amendments thereto by the 1974 Legislature. The three propositions concerned the sale of beverages containing alcohol (1) between 3.2 percent by weight and less than six percent by volume, or low alcoholic content; (2) more than six percent by volumehigh alcoholic contentfor consumption on premises; and (3) more than six percent by volumealso high alcoholic contentby package only and not for consumption on premises.
[2] See State v. Sissons, 292 So.2d 523 (La. 1974). After the 1948 legislation, local option elections could not be held on a parishwide basis and what is sometimes referred to as "3.2 beer" (beverages containing more than one-half percent alcohol by volume, but less than 3.2 percent alcohol by weight) could not be included on local option petitions or ballots. See Act 372 of 1948 as incorporated into Title 26 of 1950 La. Revised Statutes, sections 582, 583, 587 and 588, prior to 1974 legislation. See also Johnson v. Police Jury, 180 So.2d 65 (La.App.2d Cir. 1965).
[3] The 1974 Legislature enacted Acts 31, 41, 325 and 648, each of which concerned local option elections. This legislation became effective July 31, 1974, after the petitions for election in Lincoln Parish were submitted, but before the Police Jury adopted ordinances calling the election in each Ward of the parish. See Tolar v. State, 315 So.2d 22 (La. 1975), Nomey v. State, 315 So.2d 709 (La. 1975), wherein the Supreme Court considered two of the 1974 acts and discussed to some extent the legislative history of local option in Louisiana.
[4] Beauregard, Washington, Rapides. Natchitoches, Red River, Grant, LaSalle, East Carroll, West Carroll, Bienville, Jackson and Winn. Parish-wide elections had been authorized prior to 1948 by Act 15 of 1934.
[5] The court said in Nomey:

We declare proposition 2 [the 3.2 fourth proposition] which appears in Section 583 and Section 587 unconstitutional because of the severability provision contained in Act 41. In order to preserve the severability of the act we must presume that the legislature did not intend for the proposition concerning beverages containing 3.2% alcohol by weight or less to be a proposition for referendum or on the ballot, since Section 581.1 particularly states that only three propositions shall appear on the ballots of those localities which are not specially designated. We are cognizant that in the same legislative session, by Act 648, the legislature makes an attempt to have local option elections on the sale of beverages containing 3.2% alcohol by weight or less in wards and municipalities. That act is not before us and we only construe the act under attack.
 Nomey, at p. 714.
 (Emphasis and material in brackets supplied).