HOOD, Judge.
This is a companion to the case of Wyatt et al. v. Vernon Parish Police Jury et al., La.App., 341 So.2d 477, which is being decided on this date.
Plaintiff, B. F. Albritton, Jr., instituted this suit for a declaratory judgment and for injunctive relief against Vernon Parish Police Jury and Frank E. Howard, Sheriff of Vernon Parish. He seeks a judgment decreeing a local option election held in Ward 8 of Vernon Parish on September 25, 1976, and an ordinance adopted by the Vernon Parish Police Jury pursuant to that election to be null and void. He also prays for judgment enjoining the Sheriff of Vernon Parish, and his agents or employees, from enforcing the above ordinance.
After trial of the rule directing the sheriff to show cause why, a, preliminary injunction should not be granted, judgment was rendered by the trial court rejecting plaintiff’s demand for such an injunction. Plaintiff appealed.
The issues presented in this suit are the same as those which we determined in the *476 companion case of Wyatt et al. v. Vernon Parish Police Jury et al., supra.
Plaintiff Albritton is a resident of Ward 8 of Vernon Parish and he holds a Class “B” beer permit authorizing the sale of alcoholic beverages in his retail business located in that ward.
Verified petitions containing the signatures of more than twenty-five percent of the qualified electors of Ward 8 of Vernon Parish were presented to the police jury of that parish, requesting that an election be called to submit to the qualified electors of that ward the four propositions which are set out in LSA-R.S. 26:583. One of those propositions, designated as proposition number 2, related to the sale of beverages containing not more than three and two-tenths percent alcohol by weight.
At a regular meeting of the Vernon Parish Police Jury held on August 9, 1976, that body adopted a resolution calling a local option election in Ward 8 of Vernon Parish in which the voters were to vote on the four propositions set out in LSA-R.S. 26:587. The election was called and held on September 25, 1976, with the result that all four propositions were defeated, that is, a majority of the electors refused to grant permission for alcoholic beverages of any kind to be manufactured or sold in that ward.
At its regular meeting held on October 12, 1976, the Vernon Parish Police Jury promulgated the results of the election, and on that date it adopted Ordinance Number 9 which prohibited the sale in Ward 8 of all of the alcoholic beverages described in the four propositions voted on at the above election. The ordinance provided that it was to become effective on November 12, 1976. It was published in the official journal of the parish, The Leesville Leader, on October 21, 1976.
This suit was filed on November 12,1976. A rule was issued directing the sheriff to show cause why a preliminary injunction should not issue, and that rule was tried on November 19, 1976. Judgment was rendered by the trial court on that date, rejecting plaintiff’s demand for a preliminary injunction. The present appeal was taken from that judgment.
As already noted, the issues presented here are identical to those which we decided in Wyatt et al. v. Vernon Parish Police Jury et al., supra. For the reasons which we assigned in Wyatt, we conclude that the judgment appealed from in the instant suit should be affirmed.
The judgment appealed from herein is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.