341 So.2d 468 (1977)
Jerry WYATT et al., Plaintiffs-Appellants,
v.
VERNON PARISH POLICE JURY et al., Defendants-Appellees.
No. 5748.
Court of Appeal of Louisiana, Third Circuit.
January 10, 1977.
Rehearing Denied January 26, 1977.
Writ Refused February 25, 1977.
*470 Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiffs-appellants.
William C. Pegues, III, DeRidder, for defendants-appellees.
Before HOOD, DOMENGEAUX and WATSON, JJ.
HOOD, Judge.
Plaintiffs, Jerry Wyatt, Gregory J. White, Wonda S. Miller and Eldridge M. Wood, instituted this action for a declaratory judgment and for injunctive relief against defendants, Vernon Parish Police Jury and Frank E. Howard, Sheriff of Vernon Parish. The petitioners seek a judgment decreeing local option elections held in Wards 2 and 5 of Vernon Parish on July 24, 1976, and two ordinances adopted by the Vernon Parish Police Jury pursuant to those elections, to be null and void. They also pray for judgment enjoining the Sheriff of Vernon Parish, and his agents or employees, from enforcing the above ordinances.
After trial of a rule directing the sheriff to show cause why a preliminary injunction should not be granted, judgment was rendered by the trial judge rejecting plaintiffs' demands for such an injunction. Plaintiffs appealed.
The substantial issues presented are whether the above local option elections were conducted according to law, and thus whether those elections and the ordinances which were adopted by the Police Jury of Vernon Parish pursuant to them are valid.
Plaintiffs Wyatt and White are residents of Ward 5 of Vernon Parish, and each holds a valid Class "A" beer permit authorizing the sale of alcoholic beverages in his retail business located in that ward. Plaintiffs Miller and Wood are residents of Ward 2 of Vernon Parish, and each holds a valid Class "B" permit authorizing the sale of alcoholic beverages in his or her retail business located in that ward. All of these permits were issued by the State of Louisiana.
Verified petitions containing the signatures of more than twenty-five percent of the qualified electors of Ward 2 and of Ward 5 of Vernon Parish were presented to the Police Jury of that parish, requesting that elections be called in each of those wards to submit to the qualified electors therein the four propositions which are set out in LSA-R.S. 26:583. One of those propositions, disgianted as proposition number 2, was: "Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted?"
At its regular meeting held on June 7, 1976, the Vernon Parish Police Jury considered those petitions and then adopted two separate resolutions, one of which called a local option election to be held in Ward 2 and the other called such an election to be held in Ward 5 of Vernon Parish, all in accordance with the requests contained in the above petitions. The resolutions provided that the elections were to be held on July 24, 1976, and that in each election there should be submitted to the qualified electors of the ward the following propositions:
(1) Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight and not more than six percent by volume be permitted in Ward of Vernon Parish, Louisiana?
(2) Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted in Ward, Vernon Parish, Louisiana?
(3) Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume for consumption *471 on the premises be permitted in Ward, Vernon Parish, Louisiana?
(4) Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume by the package only and not for consumption on the premises be permitted in Ward, Vernon Parish, Louisiana?
The elections were held on July 24, 1976, as provided in the above resolutions, with the result that all of the propositions submitted to the electors were defeated in both wards, that is, a majority of the electors voted that the manufacturing or selling of alcoholic beverages would not be permitted in either of those wards.
At its regular meeting held on August 9, 1976, the Vernon Parish Police Jury promulgated the returns of those elections, and it thereupon adopted two ordinances prohibiting the manufacturing or selling of all of the alcoholic beverages described in all four of the proposals which had been submitted to the electors. Ordinance Number 3 prohibited the manufacturing and selling of such beverages in Ward 2, and Ordinance Number 5 prohibited the manufacturing and selling of them in Ward 5. Each ordinance provided that it would become effective on August 15, 1976, and that if any provision of it should be held to be invalid that invalidity would not affect other provisions of the ordinance. Both ordinances were published in the official parish journal, The Leesville Leader, on August 16, 1976.
On August 16, 1976, agents or employees of the, sheriff of Vernon Parish notified plaintiffs that the ordinance would be enforced. Plaintiffs instituted this suit on August 17, 1976.
A rule was issued directing the sheriff to show cause why a preliminary injunction should not issue, and that rule was tried on August 26, 1976. Judgment was rendered by the trial court on that date rejecting plaintiffs' demands for a preliminary injunction, and the present appeal was taken from that judgment.
Plaintiffs contend primarily that the local option elections held in Wards 2 and 5, the petitions requesting that those elections be called, and the two ordinances adopted by the Vernon Parish Police Jury pusuant to those elections, are all invalid because the proposals listed in the above petitions and submitted in those elections included the "second proposition" which is set out in LSA-R.S. 26:583 and 587. They point out that in Nomey v. State, 315 So.2d 709 (La. 1975), our Supreme Court held that Sections 583 and 587 are unconstitutional insofar as they provide that proposition number 2 may be included in a petition for referendum or as an issue to be placed on the ballot in a local option election. They take the position that in view of the holding in Nomey, the elections held in Wards 2 and 5 of Vernon Parish are totally invalid, since there was submitted to the electors in each of those elections a proposition which has been determined to be unconstitutional.
The procedure for calling local option elections in Louisiana is set out in Parts I and II of Chapter 3, Title 26, of the Louisiana Revised Statutes (LSA-R.S. 26:581, et seq.). Section 581.1, as amended by Act 41 of 1974, provides in substance that the procedures set out in Chapter 3 for prohibiting the sale of alcoholic beverages on a parishwide basis, and for prohibiting the sale of beverages containing three and two-tenths percent alcohol by weight, or less, are available to twelve parishes specified in that section, but that those procedures are not available on a parish-wide basis to any other parish in the state.
Section 582, authorizing the calling of a referendum election upon proper petition of the qualified electors, provides:
"582. Petition for election; parishwide elections; separate elections; frequency limited
Upon petition of not less than twentyfive percent of the qualified electors residing in any parish, ward, or any incorporated municipality the governing authority shall order a referendum election to be held to determine whether or not the business of manufacturing, producing, rectifying, distilling, blending, using, storing, distributing and selling alcoholic *472 beverages, shall be conducted and licensed therein.
In the case of such an election held on other than a parishwide basis the election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. In the case of an election called on a parishwide basis the result shall be binding on the entire parish."
Section 583 authorizes any qualified elector to sign a petition addressed to the governing authority of the subdivision in which he resides, requesting a local option election. The section sets out substantially the form of the petition which should be used, and it specifies that the four propositions hereinabove listed should be included in each petition, including proposition number 2, reading: "Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted?"
Section 587 provides that when such an election has been ordered, the four propositions hereinabove listed, and no others, shall be plainly printed upon a special ballot to be used for the election, and that "otherwise the election shall be null and void." That section thus requires that proposition number 2, relating to the sale of beverages containing three and two-tenths percent alcohol by weight, or less, be included on the ballot.
In Nomey, supra, the plaintiffs were holders of valid Class "A" and Class "B" retail liquor permits which authorized them to sell alcoholic beverages in Jackson Parish. The Police Jury of that parish called a parish-wide election in which the four propositions set out in Section 587 were submitted to the electorate. Jackson Parish is one of the twelve parishes in which parishwide elections were authorized by Section 581.1. The plaintiffs instituted suit attacking the constitutionality of Act 41 of 1974, which enacted Section 581.1 and amended other parts of the local option laws, and in that suit they sought to enjoin the election. The Supreme Court, after reviewing the case on writs, concluded that that part of Act 41 which enacts Section 581.1 is a local or special law affecting elections, and that Section 581.1 thus is unconstitutional since such a law is prohibited by Article 3, Section 12, of the Louisiana Constitution of 1974. That conclusion then led the court to find that other parts of Act 41 were unconstitutional. With reference to some of the other provisions of that act, the Supreme Court said:
(1) Section 582 is unconstitutional insofar as it deals with elections on a parishwide basis.
(2) Section 583 is unconstitutional in respect to the second proposition to be submitted in the petition for referendum because under Section 581.1 which we strike down herein, its submission would be confined to the twelve specially designated parishes.
(3) Section 587 is unconstitutional insofar as it designates proposition 2 as an issue to be placed on the ballot for election for the same reasons that propositions of Section 583 are invalidated.
(4) We have previously declared that the amendment to Section 588 was repealed by Act 325 of 1974, which has been held unconstitutional. See Tolar v. State, supra.
(5) Section 592 is unconstitutional insofar as it deals with election procedures on a parish-wide basis.
Judgment was rendered in Nomey permanently enjoining the election. We believe, however, that the entire election was enjoined in that case because it was a parishwide election, which the Supreme Court felt could not be sanctioned, and not because one of the four propositions submitted to the electorate was found to be unconstitutional.
The instant suit does not involve a parishwide election. It involves two separate local option elections, one of which was called and held in Ward 2, and the other in Ward 5, of Vernon Parish. The Parish of *473 Vernon is not one of the twelve parishes in which parish-wide elections were specially authorized to be held by Section 581.1. That section of the revised statutes which has been found to be unconstitutional thus has no application to this case.
Section 582 authorizes the calling and holding of local option elections "in any parish, ward, or any incorporated municipality." The Supreme Court held that section to be unconstitutional only "insofar as it deals with elections on a parishwide basis." We consider section 582, therefore, to be constitutional and valid insofar as it authorizes the calling and holding of local option elections "on other than a parishwide basis," as was done in the instant suit.
Sections 583 and 587 were held to be unconstitutional insofar as those sections directed that the "second proposition" or "proposition 2" be submitted in the petition for referendum or as an issue to be placed on ballot for the elections. We find nothing in Nomey, or in any provision of the Revised Statutes, which indicates that the entire election is null in the event "proposition (2)" is included among the four propositions (set out in Sections 583 and 587) which are submitted to the electorate at an election called and held in a ward of the parish. The Supreme Court stated in Nomey that "those portions of Act 41 which are not special in nature are excluded from our declaration of unconstitutionality." Section 3 of Act 41 of 1974 provides, in effect, that if any provision of that act is held to be invalid, such invalidity shall not affect other provisions of it.
Our conclusion is that a local option election called and held under LSA-R.S. 26:581, et seq., submitting to the electorate the four propositions set out in Sections 583 and 587, is valid as to propositions (1), (3) and (4), even though it may be invalid as to proposition (2), provided that in all other respects the election was conducted in accordance with law. See also Smith v. Lincoln Parish Police Jury, 327 So.2d 641 (La.App. 2 Cir. 1976); 36 La.Law Rev. 549, 550.
In the instant suit, we think the trial judge correctly concluded that the elections held in Ward 2 and in Ward 5 of Vernon Parish were valid insofar as propositions (1), (3) and (4) were submitted to the qualified electors of those wards, and that the ordinances adopted by the Police Jury pursuant to those elections were valid insofar as they prohibited the sale of the beverages described in propositions (1), (3) and (4).
We turn now to the question of whether the above elections were valid as to proposition (2), and whether the two ordinances adopted by the Vernon Parish Police Jury following those elections are valid insofar as they purport to prohibit the sale in Wards 2 and 5 of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight.
Act 648 of 1974 (now LSA-R.S. 26:586.1) provides a procedure, in addition to that provided in Section 582, for calling an election to submit to the qualified electors of a ward or an incorporated municipality the proposition of whether the sale of beverages containing three and two-tenths percent alcohol by weight, or less, should be permitted in that political subdivision. The act provides, in part, that:
"In addition to the procedure for calling local option elections by petition of twenty-five percent of the qualified electors residing in any ward or incorporated municipality an election may be ordered to determine whether or not the business of manufacturing, producing, rectifying, distilling, blending, using, storing, distributing and selling alcoholic beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight, shall be conducted and licensed therein. Notwithstanding the provisions of R.S. 26:588, the ballot, in addition to the propositions contained in R.S. 26:587, shall contain the following proposition:
'Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and *474 two-tenths percent alcohol by weight be permitted in . . ."
Under the provisions of that act, the local option elections therein authorized may be called and held only in wards or in incorporated municipalities. No such election shall be held on a parish-wide basis. The act provides that all provisions of Chapter 3, of Title 26, of the Revised Statutes which are not inconsistent with it shall be applicable to any local option election ordered pursuant thereto. All laws in conflict with the are repealed.
Section 586.1 became effective on July 31, 1974. The elections involved in the instant suit were called and held long after the effective date of that legislation, and the two ordinances adopted by the Vernon Parish Police Jury pursuant to those elections, which ordinances are under attack here, were passed while LSA-R.S. 26:586.1 was in effect.
Proposition (2) which was submitted to the electorate at the elections held in Wards 2 and 5 of Vernon Parish on July 24, 1976, is the same proposition which is authorized in Section 586.1. That section specifically provides that a proposal, identical to the one which was actually listed on the ballots as Proposition (2), may be included on the ballot "in addition to the propositions contained in R.S. 26:587." The record indicates that the Vernon Parish Police Jury complied with all of the provisions of Section 586.1 in submitting that proposition to the qualified electors of those wards.
We are aware of the provisions of LSA-R.S. 26:588, and of the attempts made to amend that section by Acts 41 and 325 of 1974. See State v. Wright, 305 So.2d 406 (La.1974); Tolar v. State, 315 So.2d 22 (La.1975); and Nomey v. State, supra. We also have considered the provisions of LSA-R.S. 26:601-616, enacted originally by Act 37 of 1974 and amended by Act 296 of 1975. It is unnecessary for us to consider Section 588, or Sections 601, et seq., however, because we believe the procedure set out in Section 586.1 is applicable here regardless of the provisions of the other cited sections.
Plaintiffs, in their brief and in oral arguments, attack the constitutionality of Section 586.1 on the ground that it "refers back to LSA-R.S. 26:581.1," and that it thus is "special legislation" and is unconstitutional for the reasons which are assigned in Nomey, supra. We find no merit to that argument. Act 648 of 1974 has state-wide application, and it does not purport to amend, to supplement or to "refer back" to LSA-R.S. 26:581.1. It thus is not a local or special law for the holding and conducting of elections, as those terms are used in Section 12, Article 3, of the Constitution of 1974. The Supreme Court did not consider the question of whether Act 648 was unconstitutional in Nomey. We find no objections to or infirmities in LSA-R.S. 26:586.1 on constitutional grounds.
Plaintiffs contend, alternatively, that "it is unclear what exactly was authorized by LSA-R.S. 26:586.1," and they argue that for that reason the elections and ordinances being attacked here should be decreed to be null and void. To support that argument they point out that Section 586.1 requires that "this election shall be separately called and held," and that it also provides, inconsistently they argue, that the ballot shall contain the proposition therein set out "in addition to the propositions contained in R.S. 26:587." They also suggest that since Section 587 specifies that four propositions be included on the ballot, one of which is identical to that set out in Section 586.1, the latter section appears to require a duplication of proposition (2) on the ballot. We find no merit to this argument. The statute, considered as a whole, makes it clear that the proposition set out in Section 586.1 may be included as proposition (2) in a local option election where the other proposals listed in Section 587 also are submitted. We agree with the trial judge that the Legislature did not intend to require that a separate election be called and held to submit the proposition set out in Section 586.1.
Plaintiffs also argue that the elections involved here should be decreed to be *475 invalid because of the failure of the Vernon Parish Police Jury to comply with the provisions of 42 U.S.C.A. Sec. 1973c. We do not feel that the cited statute is applicable here, since the Police Jury by calling the above elections did not enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force theretofore.
There is no merit to plaintiffs' final argument that the two ordinances at issue here are invalid because they were not published in the official journal of the parish until August 16, 1976, whereas each ordinance provided that it was to become effective on August 15, 1976. No attempt was made to enforce the ordinances until after they were promulgated.
Our ultimate conclusion is that the elections held in Wards 2 and 5 of Vernon Parish on July 24, 1976, were conducted in accordance with the provisions of LSA-R.S. 26:582, et seq., including LSA-R.S. 26:586.1. We also find that Ordinance Number 3 and Ordinance Number 5, adopted by the Vernon Parish Police Jury on August 9, 1976, are valid and enforceable. We thus find no error in the judgment of the trial court which rejects plaintiffs' demands for a preliminary injunction prohibiting the enforcement of those ordinances.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of the appeal are assessed to plaintiffs-appellants.
AFFIRMED.