HOOD, Judge.
Plaintiffs, Duane Williams, George Stoma, James E. Pickens and Vivian Rowell, instituted this suit to enjoin defendants from holding local option elections on December 4, 1976, from promulgating the returns of those elections and from adopting ordinances prohibiting the sale of beverages containing more than one-half of one percent alcohol by volume and less than 3.2 percent alcohol by weight. The defendants are Beauregard Parish Police Jury, The City of DeRidder, The Town of .Merryville and State of Louisiana. After trial of a rule directing defendants to show cause why a preliminary injunction should not issue, judgment was rendered by the trial court in favor of .defendants, rejecting plaintiffs’ demand for such an injunction. Plaintiffs appealed.
The principle issue presented is whether the local option elections called and held by defendants on December 4,1976, were valid insofar as they related to the sale of beverages containing less than 3.2 percent alcohol by weight.
Plaintiffs are the holders of valid permits issued by the State of Louisiana, authorizing them to sell alcoholic beverages containing more than one-half of one percent alcohol by volume and not more than 3.2 percent alcohol by weight. Plaintiffs Williams and Stoma hold valid permits issued by The City of DeRidder, authorizing him to sell such beverages in that city. Plaintiff Ro-well holds such a permit from The Town of Merry ville, and James Pickens holds a permit to sell the type beverage from the Beauregard Parish Police Jury.
The Beauregard Parish Police Jury was presented with petitions prior to October 12, 1976, requesting that a local option election be called and held in each of the individual wards of that parish, under the provisions of LSA-R.S. 26:581, et seq. Pursuant to the request contained in those petitions the police jury ordered and called an election to be held in each ward of the parish on December 4, 1976. Local option elections also were ordered and called to be held at the same time in The City of DeRid-der and in The Town of Merryville. The ordinances provided that at those elections the following propositions were to be submitted to the electors:
“1. Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight, and not more than six percent alcohol by volume, be permitted in .
“2. Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted in ....
“3. Shall the sale of beverages of high alcoholic content, containing more than six percent alcohol by volume *1382 for consumption on the premises be permitted in .
“4. Shall the sale of beverages of high alcoholic content, containing more than six percent alcohol by volume by the package only and not for consumption on the premises be permitted in . .
Plaintiffs instituted this suit on November 30,1976, and on that date the trial court issued -a rule ordering defendants to show cause why a preliminary injunction should not be granted enjoining them from holding the above elections, from promulgating the returns of those elections and from adopting ordinances prohibiting the sale of beverages containing less than 3.2 percent alcohol by weight. A hearing on the above rule was held on December 9, 1976, and judgment was rendered by the trial court on that date denying plaintiffs’ demand for a preliminary injunction. Plaintiffs appealed, and that appeal is before us at this time.
The above local option elections were held on December 4, 1976, while this suit was pending, with the result that a majority of the electors voted “No” to all four of the propositions submitted, including Proposition No. 2. The issues presented at the hearing on the rule for a preliminary injunction, therefore, were whether defendants should be enjoined from promulgating the returns of those elections and from adopting ordinances prohibiting the sale of the beverages described in Proposition No. 2.
The arguments made by plaintiffs in the instant suit are identical to those which were presented by the plaintiffs in Wyatt v. Vernon Parish Police Jury, 341 So.2d 468 (La.App. 3 Cir. 1977) and Albritton v. Vernon Parish Police Jury, 341 So.2d 475 (La.App. 3 Cir. 1977). We decided in both of those cases that a local option election held under the provisions of LSA-R.S. 26:581, et seq., submitting to the electors the four propositions above set out, was valid as to all four propositions, including Proposition No. 2, and that the plaintiffs in those suits were not entitled to the type of injunctive relief which plaintiffs seek in the instant suit. Our Supreme Court denied writs in both of those cases on February 25, 1977, assigning as reasons therefor that “There is no error of law in the court of appeal’s judgment.” (342 So.2d 677).
We are aware of the fact that the Wyatt and Albritton cases, supra, were not decided by our court until after the instant suit was decided by the trial court and the present appeal had been perfected. Plaintiffs and their astute counsel thus did not have the benefit of those decisions, or of the denial of writs by the Supreme Court, when this case was instituted, tried and appealed.
All of the issues presented in the instant suit, however, were considered and determined in Wyatt and Albritton, supra. For the reasons which we assigned in those cases, we conclude that there is no error in the judgment rendered by the trial court in the instant suit rejecting plaintiffs’ demands for a preliminary injunction.
The judgment appealed from is affirmed. The costs of this suit and of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.