PRICE, Judge.
Plaintiffs have appealed the rejection of their demands by the district court to have a local option election in the five wards of West Carroll Parish declared invalid, and the ordinances of the Police Jury prohibiting the sale of alcoholic beverages pursuant to the vote of the electorate annulled.
Pursuant to properly certified petitions, the Police Jury submitted to the electorate in each of the five wards of the parish the following propositions:
(1) Shall the sale of beverages of low alcoholic content containing more than 3.2% alcohol by weight, but not less than 6% by volume, be permitted?
(2) Shall the sale of beverages containing more than lh of 1% of alcohol by volume, but not more than 3.2% alcohol by weight be permitted?
(3) Shall the sale of beverages of high alcoholic content containing more than 6% alcohol by volume for consumption on the premises be permitted?
(4)Shall the sale of beverages of high alcoholic content containing more than 6% alcohol by volume by the package only and not for consumption on the premises be permitted?
The majority vote in all wards was negative on each proposition. Ordinances were adopted prohibiting the sale of all alcoholic beverages in each of the five wards.
Plaintiffs, who are holders of retail liquor licenses, raise the following issues on appeal:
(1) Can the sale of 3.2% beer (proposition two as set forth above) be prohibited?
(2) Is the statute authorizing prohibition of 3.2% beer in certain designated parishes local and special legislation and therefore unconstitutional?
(3) If it is not lawful to prohibit the sale of 3.2% beer, did the inclusion of the proposition relating to its sale along with the other propositions submitted to the voters invalidate the entire election?
(4) Were the elections held tantamount to a parish-wide election contrary to law and thus invalid?
Issues (1), (2), and (3) as stated above were decided by the Third Circuit recently in upholding the validity of local option elections in Vernon Parish which were attacked on the same basis, on which appellants seek relief in this action. Wyatt v. Vernon Parish Police Jury, 341 So.2d 468 (La.App. 3rd Cir. 1977), writ denied 342 So.2d 677 (La.1977). As we concur in the conclusions reached in Wyatt and for the same reasons expressed by the court in that opinion, we hold that the submission of the proposition to determine whether the sale of 3.2% beer should be permitted in each ward was valid.
The remaining issue concerns whether the calling of an election in the entire five wards of the parish on the same date constitutes a parish-wide referendum as prohibited by LSA-R.S. 26:582 and the jurisprudence interpreting this section. See State v. Wright, 305 So.2d 406 (La.1974).
*70 The petitions requesting the calling of the election were circulated separately for each ward, and a separate ordinance was adopted by the Police Jury appropriately calling for separate elections and tabulations for each of the five wards and the municipalities situated therein. This is in accord with the provisions of the local option statute and is not violative of LSA-R.S. 26:582. The prohibition of that section of the statute envisions an election called on a parish-wide basis with a single tabulation of votes binding on the parish as a whole. This conclusion is also supported by our decision in Smith v. Lincoln Parish Police Jury, 327 So.2d 641 (La.App. 2nd Cir. 1976).
For the reasons assigned, the judgment is affirmed at appellants’ costs.