STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1429
&
NO. 2019 CW 1552

MID-CITY AUTOMOTIVE, L.L.C.

VERSUS

STATE OF LOUISIANA, THE DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, OFFICE OF STATE POLICE

Judgment Rendered: __SEP 2 1 2020__

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 647,483

Honorable Wilson Fields, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Larry S. Bankston<br>Jenna H. Linn<br>Baton Rouge, LA | Attorneys for Plaintiff-Appellee,<br>Mid-City Automotive, L.L.C., and<br>Riverside Towing, Inc. |
| Paul E. Schexnayder<br>Baton Rouge, LA | Attorneys for Defendant-Appellant,<br>Louisiana Department of Public<br>Safety and Corrections, Office of<br>State Police |
| Dennis J. Phayer<br>Mindy Nunez Duffourc<br>Metairie, LA | |

\* \* \* \* \*

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

The State of Louisiana, Department of Public Safety and Corrections, Office of State Police ("the Office of State Police") appeals the trial court's judgment granting the motion for class certification filed by Mid-City Automotive, LLC ("Mid-City") and Riverside Towing Inc. ("Riverside") (collectively "plaintiffs").

## FACTS AND PROCEDURAL HISTORY

Plaintiffs operate towing companies in Louisiana, engaged in the business of conducting nonconsensual tows of vehicles from private property under storage licenses issued by the state. In 2015, Mid-City was cited on three separate occasions for violations of LAC 55:I.1930, which regulates towing of vehicles from private property, and administrative penalties were assessed under LAC 55.I.1907(A)(4).

On April 11, 2016, Mid-City filed a suit against the Office of State Police for declaratory judgment in the 19th Judicial District Court alleging that certain provisions of LAC 55.I.1907(A) were invalid under the Louisiana Constitution. Mid-City requested an injunction against further enforcement of the fines. After a bench trial, the trial court ruled in favor of the Office of State Police and dismissed Mid-City's suit. Mid-City appealed that decision.

On appeal, this court in a decision rendered on November 7, 2018, found that the legislature provided no guidance or limits on the amount of fines that could be set and collected by the Office of State Police. **Mid-City Automotive, L.L.C. v. Department of Public Safety and Corrections**, 2018-0056 (La. App. 1st Cir. 11/7/18), 267 So.3d 165, 178 . (Mid-City 1). Therefore, this court reversed the trial court insofar as it upheld the validity of the schedule of fines set forth in LAC 55.I.1907(A)(4) and rendered a declaratory judgment in favor of Mid-City declaring LAC 55.I.1907(A)(4) is invalid due to an unconstitutional delegation of legislative authority to the Office of State Police. Additionally, this court issued an injunction against further enforcement of fines under LAC 55.I.1907(A)(4), but was silent as

2

to any retroactive application of the finding to previously paid fines. **Mid-City Automotive**, 267 So.3d at 178.

Thereafter, on January 17, 2019, Mid-City filed a First Amended and Supplemental Petition to add Riverside as a plaintiff and retitle the petition as a Class Action Petition pursuant to La. Code Civ. P. art. 591. In the petition, plaintiffs sought reimbursement of all previous fines paid pursuant to the statute that this court declared to be unconstitutional. On March 4, 2019, plaintiffs filed a Motion for Class Certification requesting that a class be certified "consisting of all persons, natural and/or juridical, who have paid a fine pursuant to the Schedule of Fines, LAC 55.I.1907(A), in the State of Louisiana from October 20, 2009[1], through the present, as a result of the application of LAC 55.I.1907(A)."

The Office of State Police opposed the motion for class certification contending that plaintiffs' claims for reimbursement of the fines were prescribed under the thirty day filing deadline set forth in La. R.S. 49:964(B), thus plaintiffs were unqualified to serve as class representatives and failed to satisfy the requirements for class certification under La. Code Civ. P. art. 591.

Plaintiffs' motion for class certification came before the trial court for a hearing on August 12, 2019. After the hearing, the trial court signed a judgment on August 26, 2019, granting plaintiffs' motion and certifying the class of plaintiffs to include "all persons, natural and/or juridical, who have paid a fine pursuant to the Schedule of Fines, LAC 55:I.1907(A), in the state of Louisiana from October 20, 2009, through the present, as a result of the application of LAC 55.I.1907(A)." The trial court also appointed Mid-City and Riverside as class representatives. It is from this judgment that the Office of State Police appeals, arguing that the trial court's certification of the class where the only two named plaintiffs did not timely file suit

---

[1] October 29, 2009 is the date that the schedule of fines in LAC 55:I.1907(A) was promulgated by the Office of State Police.

3

within the time delays fixed by the Louisiana Administrative Procedure Act was in error.

While the issue of class certification was pending, the Office of State Police filed on July 26, 2019, an exception of prescription seeking dismissal of the class action petition on the grounds that plaintiffs' claims were prescribed under La. R.S. 49:964(B). The Office of State Police argued in its exception that, in the absence of a class representative asserting a timely, non-prescribed claim, the entire litigation was subject to dismissal. Plaintiffs opposed the exception arguing that their claim was subject to the ten-year liberative prescriptive period applicable to personal actions set forth in La. Civ. Code art. 3499. After a hearing on October 7, 2019, the trial court denied the Office of State Police's exception in a judgment signed on October 21, 2019. The Office of State Police filed a timely writ application from the trial court's judgment on the exception. This court in a writ action handed down on March 13, 2020, referred the writ application to this panel as the issues in the writ application and appeal were based on the Office of State Police's argument that the plaintiffs' claims were prescribed.

## STANDARD OF REVIEW

A trial court's decision to certify a class action is a two-step process. Therefore, appellate review of such decisions must also follow a two-step analysis. The trial court must first determine whether a factual basis exists for certifying the matter as a class action. These factual findings are subject to review by the appellate court pursuant to the manifest error standard. **Singleton v. Northfield Insurance Company**, 2001-0447 (La. App. 1st Cir. 5/15/02), 826 So.2d 55, 60-61, writ denied, 2002-1660 (La. 9/30/02), 825 So.2d 1200. If the trial court finds that a factual basis exits for certifying the action, it then exercises its discretion in deciding whether to certify the class. This aspect of the judgment is reviewed pursuant to the abuse of discretion standard. **Crooks v. LCS Corrections Services, Inc.**, 2007-1901 (La.

4

App. 1st Cir. 8/21/08), 994 So.2d 101, 108, writs denied, 2008-2560, 2008-2561 (La. 1/9/09), 998 So.2d 725 and 726.

Unless a trial court committed manifest error in its factual findings or abused its discretion in deciding that class certification is appropriate, the appellate court must affirm the trial court's determination. **Crooks**, 994 So.2d at 108. Further, in reviewing a trial court's exercise of its discretion in certifying a class action, an appellate court should bear in mind the supreme court's jurisprudential admonition to trial courts to err on the side of caution, in favor of maintaining the class action, because it is always subject to modification should later developments during the course of the trial so require. **Boyd v. Allied Signal, Inc.**, 2003-1840 (La. App. 1st Cir. 12/30/04), 898 So.2d 450, 456, writ denied, 2005-0191 (La. 4/1/05), 897 So.2d 606.

Louisiana Code of Civil Procedure article 591 sets forth the prerequisites for maintaining a class action and establishes that the use of the class action procedure is appropriate when:

> A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
> (1) The class is so numerous that joinder of all members is impracticable.
> (2) There are questions of law or fact common to the class.
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
> (4) The representative parties will fairly and adequately protect the interests of the class.
> (5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case. This prerequisite shall not be satisfied if it is necessary for the court to inquire into the merits of each potential class member's cause of action to determine whether an individual falls within the defined class.
>
> B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
> (1) The prosecution of separate actions by or against individual members of the class would create a risk of:

5

(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:

(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;

(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) The desirability or undesirability of concentrating the litigation in the particular forum;

(d) The difficulties likely to be encountered in the management of a class action;

(e) The practical ability of individual class members to pursue their claims without class certification;

(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or

(4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.

C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.

Thus, litigants seeking class certification must satisfy the five criteria set forth in La. Code Civ. P. art. 591(A) and at least one of the four criteria found in La. Code Civ. P. art. 591(B). Herein, the Office of State Police's argument is that plaintiffs do not satisfy the criteria because their claims are prescribed.

## LAW AND ANALYSIS

In its appeal and writ application, the Office of State Police contends that the claims of Mid-City and Riverside are prescribed under the time delays fixed by the

Louisiana Administrative Procedure Act. Specifically, under La. R.S. 49:964(B), which provides that a person aggrieved by a final agency decision or order in an adjudication proceeding is entitled to judicial review and "[p]roceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located **within thirty days** after the transmittal of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon." (Emphasis added.) The Office of State Police contends that because neither plaintiff requested review of the fines within thirty days of the last fine assessed against them as required by the statute, their claims are prescribed. In favor of its position that plaintiffs' claims were prescribed, the Office of State Police introduced the affidavit of Roland Jude Mathews, a lieutenant for the Louisiana State Police, who stated that the last fine assessed against Mid-City was assessed on June 30, 2018 and paid on September 6, 2018, and the last fine assessed against Riverside was assessed on January 5, 2018 and paid on July 9, 2018. Lieutenant Mathews also stated that neither Mid-City nor Riverside instituted an administrative action or judicial review proceeding to contest the assessment of the fines. During the hearing for class certification, representatives from Mid-City and Riverside testified and did not contest when the last fines were assessed and paid. The Office of State Police argued that because plaintiffs' class action petition was not filed until January 25, 2019, more than thirty days from the last fine each plaintiff was assessed, plaintiffs' claims were prescribed under the thirty-day deadline set forth in La. R.S. 49:964(B).

We disagree with the argument of the Office of State Police. Louisiana Revised Statute 49:964(B) provides the filing deadline for a person aggrieved by a final agency decision or order in an adjudication proceeding. In Mid-City 1, this court rendered a declaratory judgment in favor of Mid-City declaring LAC 55.I.1907(A)(4) invalid due to an unconstitutional delegation of legislative authority to the Office of State Police. In the class action petition, plaintiffs are not seeking

7

review of the merits of an agency decision or an adjudication as contemplated under La. R.S. 49:964(B); rather, plaintiffs seek "the amount of fines collected by State Police pursuant to the Fine Schedule...as the First Circuit Court of Appeal has determined the Fine Schedule to be unconstitutional." Thus, the thirty-day filing deadline provided in La. R.S. 49:964 is not applicable to the class action petition filed by plaintiffs. Having concluded that plaintiffs' claims for reimbursement of fines paid under a provision declared to be unconstitutional are not prescribed, we find no abuse of discretion by the trial court in granting plaintiffs' motion for class certification and denying the Office of State Police's exception of prescription.[2]

## CONCLUSION

For the foregoing reasons, we affirm the August 26, 2019 judgment granting the plaintiffs' motion for class certification as well as the October 21, 2019 judgment denying the Office of State Police's exception of prescription. All costs of the proceeding in the amount of $1,599.00 are assessed against the State of Louisiana, Department of Public Safety and Corrections, Office of State Police.

**AFFIRMED; WRIT DENIED.**

---

[2] The Office of State Police argues in brief that this court's declaratory judgment in Mid-City 1 declaring LAC 55.I.1907(A)(4) invalid cannot be applied retroactively. Generally, when a statute is declared unconstitutional it is void ab initio and all acts done under such statutes are void and of no effect. **Magee v. Landrieu**, 95-0437, 95-0438, 95-0474 (La. App. 1st Cir. 3/17/95), 653 So.2d 62, 65, writs denied, 95-0790, 95-0800, 95-0805, 95-0870 (La. 4/21/95), 654 So.2d 319, 320. Thus, under the general rule, all acts done under LAC 55.I.1907(A)(4), including assessment of fines, are void and of no effect. As pointed out the by the Office of State Police, where it would be unequitable to follow the general rule that an unconstitutional statute was void ab initio and without any legal effect whatsoever, or where it was impossible for the court to undo what had transpired under an unconstitutional statute and to restore the parties to some reasonable position, the courts have recognized exceptions to the rule as a matter of public policy or necessity in such instances. **Smith v. Lincoln Parish Police Jury**, 327 So.2d 641, 644 (La. App. 2d Cir. 1976) (quoting **Flournoy v. First Nat. Bank of Shreveport**, 197 La. 1067, 3 So.2d 244, 249 (La. 1941)). Should the trial court determine that this matter as presented is an exception to the general rule, the class certification is subject to modification. See La. Code Civ. P. art. 592(A)(3)(d).